UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

CASE NO.   8:06-cr-00015-T-

18 U.S.C. § 371    26 mss

DEVAN PATEL, and
KETAN PATEL

## INFORMATION

The United States Attorney charges:

## COUNT ONE

### A. Introduction

### Conspiracy

At all times material to this Information:

1.     Defendants Devan Patel and Ketan Patel were professional pharmacists, licensed to dispense certain prescribed medications and controlled substances in accordance with the laws of the State of Florida.

2.     Defendants Devan Patel and Ketan Patel operated a commercial pharmacy licensed in the State of Florida on Long Boat Key in the Middle District of Florida.

3.     As licensed pharmacists both Devan Patel and Ketan Patel were aware that Title 21 of the United States Code outlined the only lawful methods for the proper distribution of prescription drugs within the United States.

4. As licensed pharmacists both Devan Patel and Ketan Patel fully understood that the sale and transfer of prescription drugs, outside the parameters described in Title 21 of the United States Code would be a criminal violation.

5. As licensed pharmacists both Devan Patel and Ketan Patel fully understood that removal of prescription drug samples from a sample package for the purpose of commercial sale was a serious violation of Title 21, United States Code, Sections 333 and 353.

6. As licensed pharmacists both Devan Patel and Ketan Patel fully understood that selling prescription drug samples, by incorporating them surreptitiously into the controlled inventory of their pharmacy, then dispensing them to customers, was a serious violation of Title 21, United States Code, Sections 333 and 353.

7. A "drug sample" was a unit of a drug, subject to subsection B of Title 21, United States Code, Section 353, which was not intended by the manufacturer to be sold, but which was originally meant to be used to promote the lawful, commercial sale of the drug through licensed physicians.

## B. CONSPIRACY TO COMMIT OFFENSES AGAINST THE UNITED STATES

8. From in or about October 2001, to in or about April 2003, in the Middle District of Florida, and elsewhere,

DEVAN PATEL
and
KETAN PATEL,

the defendants herein, did unlawfully, knowingly and willfully conspire, combine, confederate and agree together, with each other, and with other persons both known and unknown to the United States Attorney to commit the following offenses against the United States, to wit:

1. The introduction or delivery for introduction into interstate commerce of any .... drug that is adulterated or misbranded; and, the receipt in interstate commerce of any ... drug that is adulterated or misbranded, in violation of Title 21, United States Code, Section 331(a) and (c);

2. Knowingly selling, purchasing, and trading a drug and drug sample ... in violation of Title 21, United States Code, Sections 333(b)(1)(B) and 353(c)(1).

## C. MANNER AND MEANS

9. It was part of the conspiracy that the defendants, and others, would and did, travel in interstate commerce between the Middle District of Florida and the State of New Jersey for the purpose of unlawfully obtaining misbranded and sample prescription drugs that were intended to be commingled with legitimate drug inventories in a licensed pharmacy in the Middle District of Florida.

10. It was part of the conspiracy that the defendants would and did actually unlawfully obtain misbranded and sample prescription drugs on four separate occasions.

11. It was part of the conspiracy that the defendants would and did unlawfully co-mingle the misbranded and sample prescription drug quantities with otherwise lawful inventories that the defendants maintained in their licensed pharmacy in the Middle District of Florida.

12. It was part of the conspiracy that the defendants would and did unlawfully distribute the misbranded and sample prescription drugs to the customers of their licensed pharmacy in the Middle District of Florida.

### D. OVERT ACTS

13. In furtherance of the conspiracy, and to accomplish its objects, design and purposes, the following overt acts, among others, were committed within the Middle District of Florida, and elsewhere:

(1) In or about April 2001, in the State of New Jersey, the defendants did unlawfully obtain a quantity of misbranded and sample prescription drugs from a co-conspirator, in exchange for $15,000.

(2) In or about April 2001, the defendants did unlawfully transport the quantity of misbranded and sample prescription drugs from New Jersey, to their pharmacy in the Middle District of Florida.

(3) In or about April 2001, the defendants did unlawfully co-mingle the misbranded and sample prescription drugs into the inventory of prescription drugs which they maintained at their licensed pharmacy in the Middle District of Florida.

(4) In or about April 2002, the defendants met with co-conspirators in Edison, New Jersey in order to obtain another quantity of misbranded and sample prescription drugs.

(5) In or about April 2002, the defendants unlawfully purchased a second quantity of misbranded and sample prescription drugs from their co-conspirators in New Jersey for $15,000.

(6)     In or about April 2002, the defendants unlawfully transported the quantity of misbranded and sample prescription drugs from New Jersey to their licensed pharmacy in the Middle District of Florida.

(7)     In or about April 2002, the defendants unlawfully co-mingled the misbranded and sample prescription drugs into the lawful inventory of their licensed pharmacy in the Middle District of Florida.

(8)     In or about December 2002, co-conspirators from New Jersey traveled to St. Petersburg, Florida for the purpose of selling misbranded and sample prescription drugs to the defendants.

(9)     In or about December 2002, the defendants unlawfully purchased a quantity of misbranded and sample drugs from the New Jersey co-conspirators in exchange for $40,000.

(10)    In or about December 2002, the defendants unlawfully co-mingled the quantity of misbranded and sample drugs into the lawful inventory of their licensed pharmacy in the Middle District of Florida.

(11)    In or about April 2003, the defendants purchased their final quantity of misbranded and sample prescription drugs from the co-conspirators in New Jersey in exchange for $25,000.

(12)    In or about April 2003, the defendants shipped the quantity of misbranded and sample drugs from New Jersey to the Middle District of Florida by commercial carrier.

All in violation of Title 18, United States Code, Section 371.

PAUL I. PEREZ
United States Attorney

By: _____
ERNEST F. PELUSO
Assistant United States Attorney

By: _____
ROBERT T. MONK
Assistant United States Attorney
Deputy Chief, General Crimes